UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IRON PASHA INC., § | | |
| Plaintiff, § | No. _____ | |
| § | | |
| v. § | ADMIRALTY | |
| § | | |
| SHANGHAI GRAND CHINA SHIPPING; § | | |
| DEVELOPMENT CO. LTD; § | | |
| HONG KONG CHAIN GLORY; § | | |
| SHIPPING CO., LTD; GRAND CHINA; § | | |
| LOGISTICS HOLDING (GROUP) COMPANY § | | |
| LIMITED § | | |
| § | | |
| Defendants. § | | |

**ORIGINAL VERIFIED COMPLAINT**

Plaintiff, IRON PASHA INC., by and through undersigned counsel for its Original Verified Complaint against Defendants: SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO. LTD; HONG KONG CHAIN GLORY SHIPPING CO., LTD; GRAND CHINA LOGISTICS HOLDING (GROUP) COMPANY LIMITED (hereinafter collectively "Defendants"), avers as follows:

**I. JURISDICTION, VENUE, AND PARTIES**

1. This is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract, *i.e.* an executed bareboat charter party for the employment of a seagoing cargo vessel. This case also falls under this court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and is brought under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 4, 8 in aid of maritime arbitration.

2. At all times material hereto, Plaintiff IRON PASHA INC., (hereinafter referred to as "Plaintiff" or "Owners") is a corporation organized under the laws of the Marshall Islands and is the registered owner of the MV GCL ARGENTINA, a motor bulk carrier vessel registered in the republic of the Marshall Islands with IMO number 9469924 and international call sign V7UZ7.

3. At all times material hereto, Defendant SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO. LTD. (hereinafter "DEVELOPMENT"), was and is a foreign company organized under the laws of the People's Republic of China, and the bareboat charterer of the GCL ARGENTINA under a bareboat charter party contract dated April 12, 2010 ("the bareboat charter").  *A copy of the bareboat charter is attached hereto as* **EXHIBIT 1**.

4. At all times material hereto, Defendant HONG KONG CHAIN GLORY SHIPPING CO., LTD. (hereinafter "CHAIN GLORY"), is a corporate entity organized under the laws of a country other than the United States, and the co-charterer of the GCL ARGENTINA under the same bareboat charter, and a "nominee charterer" on behalf of Defendant DEVELOPMENT under clause 4 of the bareboat charter.  *See* **EXHIBIT 1**.

5. At all times material hereto, Defendant GRAND CHINA LOGISTICS HOLDINGS (GROUP) COMPANY LIMITED (hereinafter "GRAND CHINA LOGISTICS"), is a foreign company organized under the laws of the People's Republic of China and the guarantor of the performance of DEVELOPMENT and CHAIN GLORY under the bareboat charter (*See* **EXHIBIT 1** at clause 4) and also a joint and several principal obligor under same pursuant to a written performance guarantee dated April 21, 2010.  *A copy of the performance guarantee is attached hereto as* **EXHIBIT 2,** and hereinafter is referred to as "the performance guarantee".

6. The jurisdiction of this Honorable Court is founded on the presence within the District of property of the Defendants that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, (hereinafter "Rule B") as pled in Section V of this Verified Complaint.

## II. <u>THE SUBSTANTIVE CLAIMS</u>

7. Under the bareboat charter, Plaintiff chartered its vessel GCL ARGENTINA (hereinafter also referred to as "the vessel") for a term of five (5) years to DEVELOPMENT, DEVELOPMENT's nominee, CHAIN GLORY, and their respective performance guarantor GRAND CHINA LOGISTICS, who is also a joint and several obligor with these defendants under the guarantee dated April 21, 2010.  *See* **EXHIBIT 2.**

8. Plaintiff agreed to name the vessel <u>*GCL*</u> ARGENTINA during the term of the bareboat charter to denote its status as tonnage of GRAND CHINA LOGISTICS (*emphasis added*).

9. Plaintiff duly delivered the vessel into her service under the bareboat charter party, duly rendered, and throughout the term of the charter party, it continued to render the contractual performance required of it.

10. On or about the 21st day of August 2015, the contractual term of the charter party came to an end and defendants DEVELOPMENT, CHAIN GLORY, GRAND CHINA LOGISTICS redelivered the vessel from her bareboat charter party.

11. However, Defendants DEVELOPMENT, CHAIN GLORY, and GRAND CHINA LOGISTICS (hereinafter collectively referred to as "Charterers"), have failed and refused to

3

perform their obligations under the bareboat charter party contract and left unpaid earned bareboat charter hire and various other amounts which are for their account and payable by them under the bareboat charter and are in default and indebted to Plaintiff for the following liquidated sums which are due and owing:

i. 30 days' earned and unpaid Bareboat Charter Hire …………….….... $ 594,000.00.
    (Debit Notes 134 and 135)
ii. .214759 days earned and unpaid Bareboat Charter hire……………... $    4,248.76
    (Debit Notes 136 and 137)
iii. Interest charged for late hire payments……………………………… $  19,979.51
    (Debit Notes 26,43, 44, 138)
iv. Owners Claims, Less cost of bunkers, lubes, and other inventories … $ 257,705.10
    (Debit Note 139)
v. Miscellaneous legal charges for charterers' account………………….. $  14,187.97
    (Debit Notes 17 and 22)
vi. Licenses and inspections for charterers' account……………………. $     2,039.50

                                                           **TOTAL**     **$  892,160.84**

12.    The respective invoices for the above amounts payable by charterers have been issued to them and remain unpaid. Copies of the invoices issued to the Charterers are hereto attached *in globo* and are hereinafter referred to as **EXHBIT 3.**

13.    Accordingly, Charterers are obligated to also pay Plaintiff bareboat charter hire at the agreed rate and all other amounts which are due and payable under the charter party in the total amount of $ 892,160.84.

14.    Plaintiff has duly demanded payment from the Charterers and, in the alternative has sought security from them, both of which they have refused and resisted.

### III. UNDERLYING PROCEEDINGS ON THE MERITS

15.    As provided under clause 30 of the bareboat charter party, Plaintiff is about to commence maritime arbitration in London by nominating its arbitrator and giving due notice of the appointment to Defendants. Plaintiff intends to claim in the arbitration the full outstanding

4

amount, as noted in the foregoing, together with interest, costs, and legal fees which are recoverable under the rules governing maritime arbitration in London.

16. In accordance with clause 9.2 of the performance guarantee, Plaintiff intends to commence arbitration in London to enforce the performance guarantee of GRAND CHINA LOGISTICS and intends to claim in the arbitration the full outstanding amount, as noted in the foregoing, together with interest, costs, and legal fees which are recoverable under the rules governing maritime arbitration in London.

17. Plaintiff estimates the legal costs that will be incurred to pursue its claims in London maritime arbitration proceedings to be approximately USD $250,000.

## IV. DEFENDANTS' PERFORMANCE HISTORY

18. Throughout the term of the bareboat charter party, the Charterers have had a history of slow paying performance making it necessary for Plaintiff to repeatedly take legal action to secure its interests by attaching property in court proceedings in this country.

19. The latest series of legal disputes between Owners and Charterers had involved outstanding arbitration and court proceedings - unrelated to the claims made the basis of this Verified Complaint - which were settled by an arrangement for payment of accumulated hire arrearages in accordance with the provisions of the settlement agreement hereto attached as **EXHIBIT 4.**

20. During the course of performance of the charter party, Defendants were associated with HNA Group Co., Limited (hereinafter "HNA") a conglomerate company which is based in the Peoples Republic of China which has the following relationship with them.

21. HNA currently holds 21, 71% of the stock of GRAND CHINA LOGISTICS with which it is associated in a joint venture. *See* relevant pages extracted from the Audited

Consolidated Financial Statement of HNA hereto attached as EXHIBIT **5,** being part of the **HNA Guaranteed Bond Prospectus** (available on line from Singapore Exchange, hereinafter referred to as "HNA Prospectus") at p. F-363.[1]

22.     In accordance with the contents of the HNA Prospectus, HNA is indebted to GRAND CHINA LOGISTICS in the amount of Chinese Yuan Renminbi 887,397,000 which is the exchange equivalent of approximately USD $140,000,000 (One hundred forty million Dollars).  **EXHIBIT 5**, HNA Prospectus at p. F-364.

23.     In accordance with the contents of the HNA Prospectus, HNA is indebted to SHIPPING DEVELOPMENT in the amount of Chinese Yuan Renminbi 4,025, 000 which is the exchange equivalent of approximately USD $633,160 (Six hundred thirty three thousand one hundred and sixty dollars).  **EXHIBIT 5**, HNA Prospectus at p. F-364.

24.     All three obligors under the bareboat charter, *i.e.* DEVELOPMENT; CHAIN GLORY; and GRAND CHINA LOGISTICS, have been chronically in arrears in the payment of their bareboat charter hire obligations making it necessary for Owners to repeatedly exercise their lien on subfreights and pursue legal proceedings in London arbitration and attachment of property.

### V. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

25.     None of the Defendants are present or can be found in the District within the meaning of Rule B. *See* Attorney Declaration of George A. Gaitas attached hereto as **EXHIBIT 6.** Notwithstanding, the Defendants have within the District, tangible or intangible personal property in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment consisting of debts, credits, or effects including but not limited to

---

[1] The relevant extracts from the HNA Prospectus are attached for the sake of document management as the entire document consists of 490 pages.  It will be made available to the Court if so required.

amounts owed, due or to become dues, accounts, checks, payments held or which may be receivable by the said garnishees on behalf of the said Defendants.

26. More particularly, HNA is present in the District having registered with the Louisiana Secretary of State as a foreign corporation as it is shown from the documents on file with the Louisiana Secretary of State hereto attached as **EXHIBIT 7** and has appointed as its agent for service of process in Louisiana: CT Corporation System at 3867 Plaza Tower Drive, who may be served with process of maritime attachment and garnishment under Rule B(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

27. HNA is indebted to Plaintiff's debtors - bareboat charterer DEVELOPMENT and performance guarantor GRAND CHINA LOGISTICS - for the respective amounts noted in the foregoing, to wit: Chinese Yuan Renminbi 4,025, 000 which is the exchange equivalent of approximately USD $633,160 (Six hundred thirty three thousand one hundred and sixty dollars) owed by HNA to DEVELOPMENT; and Yuan Renminbi 887,397,000 which is owed by HNA to GRAND CHINA LOGISTICS the exchange equivalent being approximately USD $140,000,000 (One hundred forty million dollars) as it is plainly documented in the HNA Prospectus – **EXHIBIT 5**-at pages F-363 and F-364, and pled in the foregoing ¶¶ 21,22, and 23.

28. Plaintiff has maritime claims against the Defendants DEVELOPMENT, HONG KONG CHAIN GLORY, and GRAND CHINA LOGISTICS arising out of a maritime contract (*i.e*. – the bareboat charter party of the GCL ARGENTINA with IRON PASHA dated April 12, 2010). The amount of Plaintiff's claim as reasonably as it can be estimated is as set out in ¶ 11 of the foregoing complaint as documented with the invoices attached hereto as **EXHIBIT 3**, at $ 892,160.84. Plaintiff estimates the legal costs, including solicitors and counsel's fees that it will recover in London maritime arbitration will be approximately USD $250,000.

29.     Therefore, Plaintiff's total claim for breach of the maritime contracts against Defendants is in the aggregate sum of **USD $1,142,160.84**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.     That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Complaint;

B.     That if Defendants cannot be found within this district, then all of their respective property within this district, tangible or intangible, physical property, receivables, debts, credits, or effects including but not limited to: accounts receivable, checks, and any repayments whatsoever and debts matured or unmatured, owed by or in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C.     That a judgment be entered against the Defendants in the sum of $1,142,160.84 and the proceeds of the assets attached be applied in satisfaction thereof;

D.     That the Court grant such other and further relief as it deems, just, equitable and proper.

Respectfully submitted,

Date: November 17, 2015         DENNIS, BATES & BULLEN, LLP,
      Baton Rouge, LA

By:     /s/ Don R. Beard
       Don R. Beard, LSB # 2881
       318 Saint Charles St
       Baton Rouge, LA 70802-5947
       Telephone: (225) 343-0100
       Fax: 225-343-0344
       E-mail:beard@dbblaw.net

*Attorneys for Plaintiff*
IRON PASHA, INC.

Of Counsel:

George A. Gaitas
LSBA No. 05879
Federal Bar No. 705176
CHALOS & CO, P.C
7210 Tickner Street
Houston, Texas 77055
Telephone: 713-936-2427
Fax: 866-702-4577
E-mail:gaitas@chaloslaw.com