**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IRON PASHA INC., | § | |
| Plaintiff, | § | No. _____ |
| | § | |
| v. | § | ADMIRALTY |
| | § | |
| SHANGHAI GRAND CHINA SHIPPING; | § | |
| DEVELOPMENT CO. LTD; | § | |
| HONG KONG CHAIN GLORY; | § | |
| SHIPPING CO., LTD; GRAND CHINA; | § | |
| LOGISTICS HOLDING (GROUP) COMPANY | § | |
| LIMITED | § | |
| | § | |
| Defendants. | § | |

**MOTION IN SUPPORT OF ISSUANCE OF PROCESS OF MARITIME
ATTACHMENT AND GARNISHMENT**

COMES NOW Plaintiff, IRON PASHA, INC., and respectfully moves the Court to issue

an Order Authorizing Issuance of Process of Maritime Attachment and Garnishment pursuant to

Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset

Forfeiture Actions, of the Federal Rules of Civil Procedure (hereinafter "Rule B").

On even date with the filing of this Memorandum of Law, Plaintiff filed its Original

Verified Complaint (hereinafter "Complaint") pursuant to Rule 9(h) of the Federal Rules of

Civil Procedure and Rule B, setting forth Plaintiff's claim for damages, together with interest,

costs and attorney fees. This Rule B maritime attachment action was commenced in order to

obtain security in aid of Plaintiff's underlying London arbitration.[1] *See* Compl. ¶¶ 15-17. "The

---

[1] Although the dispute is being arbitrated in London, attachment of property within this district pursuant to Rule B is
nonetheless appropriate. "[T]he traditional policy underlying maritime attachment has been to permit the
attachments of assets wherever they can be found and not to require the plaintiff to scour the globe to find a proper
forum for suit or property of the defendant sufficient to satisfy a judgment." *Aqua Stoli Shipping Ltd. v. Gardner
Smith Pty Ltd.*, 460 F.3d 434, 443 (2d Cir. 2006). This is true even where the parties have agreed to resolve disputes

process of foreign attachment is known of old in admiralty. It has two purposes: to secure a respondent's appearance and to assure satisfaction in case the suit is successful. *Manro v. Almeida*, 10 Wheat. 473, 489, 6 L.Ed. 369." *Swift Co Packers v. Compania Colombiana Del Caribe 1* 339 U.S. 684, 693 (U.S. 1950).

Under Rule B, plaintiff may attach a defendant's property if four conditions are met: (1) plaintiff has a valid prima facie admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd*., 460 F.3d 434, 445 (2d Cir. 2006); Fed. R. Civ. P. Supp. R. B.

Regarding the first element, Plaintiff has a valid prima facie admiralty claim against Defendants SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO., LTD ("DEVELOPMENT"); HONG KONG CHAIN GLORY SHIPPING CO., LTD., ("CHAIN GLORY"); and GRAND CHINA LOGISTICS HOLDING (GROUP) COMPANY LIMITED ("GRAND CHINA LOGISTICS"), because the gravamen of Plaintiff's claims is the breach of certain maritime contracts. Specifically, Defendant GRAND CHINA LOGISTICS expressly agreed to enter into the duties and obligations of charterer as principal obligor under the subject charter party agreement in the event that DEVELOPMENT or CHAIN GLORY defaulted and did not meet their contractual obligations. *See* Compl. ¶ 5. Breach of such a performance guarantee gives rise to an admiralty claim. *See Aqua-Marine Construction, Inc. v. Banks*, 110 F.3d 663, 671 (9th Cir. 1997) ("In sum, actions against [guarantors] securing performance are

---

in a different forum. *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 633 (9th Cir. 1982) ("We hold that in an admiralty action, absent express intent to the contrary, a forum selection clause providing that all disputes under the charter will be determined by a selected foreign court neither precludes a plaintiff from commencing an action in the district court to obtain security by maritime attachment, nor prohibits the district court from ensuring the availability of security adequate to satisfy a favorable judgment by the selected forum."); *see also Unitramp, Ltd. v. Mediterranean Brokerage and Agents, S.A.S.*, 1994 A.M.C. 476, 1993 WL 386298 (E.D. La. 1993).

cognizable in admiralty if the [guarantor's] obligation under the bond is the same as that of the original promisor, but not if the [guarantor] is obligated only to pay a sum of money and the duties of the original promisor were otherwise.").

Regarding the second element, Defendants DEVELOPMENT, CHAIN GLORY, and GRAND CHINA LOGISTICS cannot be found within the Middle District of Louisiana for the purposes of Rule B of the Admiralty Rules.  Specifically, Plaintiff is informed and believes: that Defendants cannot be found within the Middle District of Louisiana; that to Plaintiff's knowledge, none of the officers of Defendants are now within the Middle District of Louisiana; that Defendants do not maintain offices or telephone listings in the Middle District of Louisiana; that Defendants are not incorporated or registered to do business in Louisiana; and, that Defendants do not have registered agents for the receipt of service of process in the State of Louisiana.  *See* Compl. at Ex. 6.

Regarding the third element, Plaintiff is informed and believes Defendants do now, or will during the pendency of this action, have intangible personal property within the Middle District of Louisiana, and said intangible property is amenable to attachment and garnishment pursuant to Admiralty Rule B.  This property consists of debts, credits, or effects including but not limited to matured and/or unmatured debts owed and payable to the Defendants accounts payable by garnishees to the said Defendants.  *See* Compl. ¶¶22-23 and 27*; see* also Compl. at Ex. 5.  Although this property is held by a third-party that is a stranger to this action, "it is consistent with the practice of the admiralty, in cases where there is no property which the officer can attach by manucaption, to attach goods or credits in the hands of third persons, *by means of the simple service of a notice*." *Miller v. United States*, 78 U.S. 268, 297-98 (1870) (emphasis in original).  Moreover, regarding the nature of the property sought to be attached, "it is legitimate in certain proceedings in courts of admiralty to attach credits and effects of such an intangible nature that they cannot be taken into actual possession by the marshal, and the mode of attachment is by notice, dependent upon no statutory enactment." *Id.* at 297 (citation omitted). "These are, indeed proceedings to compel appearance, but they are, nevertheless, attachments or

seizures, bringing the subject seized within the control of the court, and what is of primary importance, they show that, in admiralty practice, rights in action, things intangible, as stocks and credits, are attached by notice to the debtor, or holder, without the aid of any statute." *Id.* at 298. In accordance with the principles established by the Supreme Court of the United States in *Harris v. Balk*, 198 U.S. 215,223 (1905); *Globe & Rutgers Fire Ins. Co. of New York v. Brown*, 52 F.2d 164, 167-168 (W.D. La., 1931) "the debt follows the debtor" and the indebtedness to Defendants may be attached in the hands of their obligors who are subject to the jurisdiction of the Court in the District.

Finally, regarding the fourth element, Plaintiff asserts there is no statutory or general maritime law bar that prevents attachment.

Concluding, because all of the elements of Rule B and the Local Admiralty Rules have been met, Plaintiff, IRON PASHA INC., moves this Court to enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing the Marshall or other person serving the process to garnish in the hands of the garnishees named in same any tangible or intangible personal property in their possession, custody or control belonging to Defendants, and to grant Plaintiff such other and further relief as may be just, equitable and proper.

Respectfully submitted,

Date: November 16, 2015          DENNIS, BATES & BULLEN, LLP,
     Baton Rouge, LA

           By:     /s/ Don R. Beard
                 Don R. Beard
                 Federal Bar No.
                 318 Saint Charles St
                 Baton Rouge, LA 70802-5947
                 Telephone: (225) 343-0100
                 Fax: 225-343-0344
                 E-mail:beard@dbblaw.net

                 *Attorneys for Plaintiff*
                 IRON PASHA, INC.

Of Counsel:

George A. Gaitas
LSBA No. 05879
Federal Bar No. 705176
CHALOS & CO, P.C
7210 Tickner Street
Houston, Texas 77055
Telephone: 713-936-2427
Fax: 866-702-4577
E-mail:gaitas@chaloslaw.com